## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SARAH CALLIE MCLEMORE, on Behalf of Herself and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § | |
| **v.** | § § § | **CIVIL ACTION NO.  4:22-cv-1343** **JURY TRIAL DEMANDED** |
| **SAMBUCA HOUSTON, L.P.,** **Defendant.** | § § § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

### SUMMARY

1.      Defendant Sambuca Houston, L.P. ("Defendant") failed to pay Plaintiff Sarah Callie McLemore ("Plaintiff") and its other hourly employees ("Class Members") the minimum wage and overtime compensation due to them under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*

2.      Defendant accomplished this underpayment by requiring its hourly employees to log in under multiple job codes during the same week but failed to aggregate those hours when determining whether an employee worked overtime in a given week.

3.      Defendant also violated the FLSA's tip credit provisions by paying a tip credit reduced minimum wage without abiding by the statutory prerequisites to claim the tip credit.  Defendant required Plaintiff and other employees to share their tips with non-tip eligible employees. Defendant also failed to provide notice to its employees of its intention to rely on the tip credit.

1

4.　　　Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated employees ("Class Members") to recover the unpaid wages owed to them by Defendant pursuant to 29 U.S.C. § 216(b).

5.　　　Plaintiff also prays that similarly situated employees of Defendant be notified of the pendency of this action to apprise them of their rights and to provide them an opportunity to opt into this litigation.

## SUBJECT MATTER JURISDICTION AND VENUE

6.　　　This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*.

7.　　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

8.　　　Defendant Sambuca Houston, L.P. operates in this District and the restaurants where Plaintiff worked for Defendant are located in this District.

## PARTIES AND PERSONAL JURISDICTION

9.　　　Plaintiff Sarah Callie McLemore is an individual residing in Harris County, Texas. Her written consent to this action is attached hereto as Exhibit "A."

10.　　　The Class Members are the current and former hourly employees that worked for Defendant in the three years prior to the institution of this action.

11.　　　Defendant Sambuca Houston, L.P. is a limited partnership formed under the laws of the State of Texas. Defendant may be served process through its registered agent Wesley Baily of Elliot, Thomason & Gibson LLP, 511 N. Akard Street, Dallas, Texas 75201.

## FLSA COVERAGE

12.     At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

13.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

14.     At all material times, Defendant has enjoyed yearly gross revenue in excess of $500,000.

15.     At all material times, Plaintiff and Class Members were employees engaged in the commerce or the production of goods for commerce.

## FACTS

16.     Defendant Sambuca Houston, L.P. operates two restaurants, under the trade names Sambuca and Lawless, and the Crystal Ball Room at 909 Texas Avenue in Houston, Texas.

17.     Sambuca, Lawless, and the Crystal Ball Room are not separate entities.  They are owned and operated by Defendant and share the same general manager.  They are separate venues at the same address, essentially different departments of the same company.

18.     Plaintiff worked for Defendant from September of 2019 to September of 2021 in a variety of positions, including bartender, banquet captain, catering assistant, and event lead.

19.     In all of these positions, Defendant paid Plaintiff an hourly rate.

20.     Defendant maintains separate clock in systems at Sambuca, Lawless, and the Crystal Ball Room through the electronic point of sale system at each of those venues.

21.     Plaintiff and other employees of Defendant commonly split their work time in a single week across more than one of the venues.  However, Defendant did not aggregate the hours worked

across separate venues when calculating the amount of overtime it should have paid to its employees.

22.     For example, during the week May 24, 2021, Plaintiff worked 16.73 hours at one venue and 33.82 hours at another venue for a total of 50.55 hours.  However, instead of paying Plaintiff for 10.55 hours of overtime, Defendant simply issued her two payroll checks, one for each venue, although both checks were from Defendant Sambuca Houston, L.P.

23.     As a result of staffing the same employee in multiple venues (which are literally connected by a hallway) in the same week and not aggregating their hours worked, Defendant underpaid the amount of overtime Plaintiff and other employees should have received.

24.     In some of her job positions, Defendant took advantage of the tip credit and paid Plaintiff $2.13 an hour.

25.     The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 U.S.C. § 203(m).  In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.*  An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA.  That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the tipped employee (2) the amount by which the wages of the tipped employee are increased on account of the tip credit (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice.  *See* 29 C.F.R. § 531.59.  If an employer does not provide this notice, it cannot claim any tip credit.

4

26.     Under the FLSA, it is illegal to require tipped employees to share their tips with non-tipped employees.  If an employer requires tipped employees to share their tips with non-tipped employees, the employer loses its ability to claim the tip credit.

27.     Defendant failed to provide any notice to Plaintiff or other tipped employees of its intent to rely on the tip credit.

28.     Defendant also required Plaintiff and other tipped employees to participate in a tip pool that included non-tip eligible employees such a prep cooks that worked exclusively in the kitchen and had no customer interaction.

29.     By failing to adhere to the requirements in the FLSA to claim a tip credit, Defendant must account to its employees for their full wages unencumbered by the tip credit.

## COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff bring this action as a FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant on an hourly rate basis within three (3) years from the commencement of this action to the present.

31.     Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated Class Members exists who have been subjected to the same policies with respect to the payment of the minimum wage and overtime.

32.     The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

33.     Plaintiff and Class Members labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the same rules.

34.     The names and address of all Class Members of the collective action are available from Defendant's records.

35.     Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

36.     Plaintiff incorporates the preceding paragraphs by reference.

37.     This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime based on the FLSA's time and a half formula.

38.     For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates of pay.  29 U.S.C. § 207.

39.     By failing to pay overtime as required by the FLSA and described herein, Defendant has violated and continue to violate the FLSA.

40.     No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendant's position to skirt its obligation to pay overtime to an employee situated in the position of the Plaintiff or the Class Members.

41.     Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS
FAILURE TO PAY THE MINIMUM WAGE
(COLLECTIVE ACTION)

42.    Plaintiff incorporates the preceding paragraphs by reference.

43.    This count arises from Defendant's violation of the FLSA in connection with its failure to pay the minimum wage in association with its illegal use of the tip credit.

44.    Defendant's practice of failing to inform its employees of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA.  Likewise, by requiring its tipped employees to participate in a tip pool that included ineligible employees Defendant violated the FLSA.

45.    Defendant's failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.  To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

**WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)**

46.    Plaintiff and Class Members are entitled to receive the difference between the federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each hour they worked.

47.    Plaintiff and Class Members are entitled to recover an equal amount of their unpaid minimum wage as liquidated damages.

48.    Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for all time worked in excess of forty (40) hours in a single week.

49.    Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

50.     Plaintiff is also entitled to recover her attorney's fees and costs, as required by the FLSA.

## **JURY DEMAND**

51.     Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## **PRAYER FOR RELIEF**

52.     For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members awarding them:

a.  Minimum wage compensation unadulterated by the tip credit;

b.  An equal amount of their unpaid minimum wage as liquidated damages;

c.  Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay unadulterated by the tip credit;

d.  An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

e.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

f.  Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

Sosa-Morris Neuman, PLLC

By: */s/ John Neuman*
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813

Lead Attorney in Charge for Plaintiff